Citation Nr: 1443675 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 08-33 294 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUE

Entitlement to service connection for a lung disorder, claimed as asbestosis and secondary to asbestos exposure.


REPRESENTATION

Appellant represented by: Neil B. Riley, Agent


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

L. Zobrist, Associate Counsel


INTRODUCTION

The Veteran served on active duty from March 1970 to March 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision of the of the Jackson, Mississippi, Department of Veterans Affairs (VA) Regional Office (RO); it is currently before the Board of Veterans' Appeals (Board) on remand from the United States Court of Appeals for Veterans Claims (Court). 

In a decision issued in February 2011, the Board, inter alia, upheld the RO's denial of the Veteran's request to reopen a claim of service connection for asbestosis. The Veteran appealed that decision to the Court. By a June 2, 2012, Memorandum Decision, the Court determined that the Board had failed to address a May 2004 VA treatment note, vacated that part of the February 2011 Board decision denying the reopening of the Veteran's claim for service connection for asbestosis, and remanded the matter for readjudication consistent that Decision. 

Upon reconsideration of the matter in April 2013, the Board determined that the May 2004 VA treatment note was new and material evidence constructively in VA's possession within one year of a prior, April 2004 denial of the claim on the merits. Consequently, the April 2004 rating decision (out of the Oakland, California, RO) did not become final and remains pending, extending the appeal period to encompass that decision.

In its April 2013 decision, the Board granted the Veteran's request for a second Board hearing to present additional evidence and remanded the matter to the RO to schedule a Travel Board hearing. At that time, the Board also recharacterized the Veteran's claim for asbestosis to include any lung disease, in keeping with the Court's holding in Clemons v. Shinseki, 23 Vet. App. 1 (2009).

The Veteran testified at Travel Board hearings before Veterans Law Judge (VLJ) Kessel in September 2010 and before VLJ Graham in March 2014; transcripts of the hearings are associated with his claims file. When a Veteran has had a personal hearing before two separate VLJs during the appeal and these hearings covered one or more common issues, a third VLJ is assigned to the panel after the second Board hearing has been held and the appeal is then ready for appellate review. During his March 2014 hearing, the Veteran waived (on the record) his right to appear at an additional hearing before a third Veterans Law Judge. See Arneson v. Shinseki, 24 Vet. App. 379 (2011).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

While the Board regrets the additional delay in this matter, a remand is necessary for further evidentiary development. 

The Veteran asserts that he has been awarded Social Security Administration (SSA) disability benefits. The RO attempted to secure such records. In June 2008, SSA responded that they were unable to locate the Veteran's records, and the Veteran was notified by letter sent January 26, 2009. In a written notification received on February 5, 2009, the Veteran responded that he had changed his name with SSA and requested that VA follow-up with SSA in the hopes of locating his records. However, the RO did not respond to that request and, in March 2009, made a formal finding that SSA records were unavailable (and stating that the Veteran had not responded to the January 26, 2009, notification). 

The "duty to assist" extends to obtaining SSA disability records where they may be relevant to the issue under consideration. See 38 C.F.R. § 3.159(c)(2). As the prior SSA response implies that records exist but were not able to be located (i.e., they did not deny that benefits had been requested or assert that records were destroyed), and the Veteran has identified a reason the previous search may have failed, the RO must request that SSA search for records again under the name provided by the Veteran in his February 5, 2009, response.

Additionally, the record indicates that the March 2004 VA examiner diagnosed the Veteran with obstructive lung disease and recommended further evaluation from a pulmonologist regarding that condition. It does not appear that such evaluation was conducted. As the Veteran's claim has been recharacterized to encompass consideration of service connection for any lung disability, an additional VA examination is necessary to determine whether any lung disability, regardless of diagnosis, is related to his active service.

Accordingly, the case is REMANDED for the following action:

1. Take appropriate action to request, under the name specified by the Veteran in his February 5, 2009, response, all decisions and records, including medical records, associated with any claim for SSA disability benefits. If additional records are not available, or the search for any such records otherwise yields negative results, that fact should be clearly documented in the claims file.

2. Ask the Veteran to identify the provider(s) of any and all evaluations and/or treatment he has received for any lung disability, and to provide authorizations for VA to secure records of any such private treatment. The AOJ should secure for the record complete clinical records of all evaluations or treatment (records of which are not already associated with the record) from the providers identified. If any records sought are unavailable, the reason for their unavailability must be noted in the record. If a private provider does not respond to the AOJ's request for identified records sought, the Veteran must be so notified, and reminded that ultimately it is his responsibility to ensure that private treatment records are received.

3. After completion of the above, schedule the Veteran for examination by a pulmonologist to determine the nature and likely etiology of any current lung disability and, in particular, whether such is related to (was caused or aggravated by) exposure to asbestos during service. The Veteran's claims file must be reviewed by the examiner in conjunction with the examination. Based on review of the record and examination and interview of the Veteran the examiner should provide opinions that respond to the following:

a) Does the Veteran at least as likely as not (a 50% or better probability) have a chronic lung disability? If so, identify such disability by diagnosis. The examiner should note and comment on prior diagnoses of obstructive lung disease (March 2004 VA examination) and pulmonary asbestosis (May 2003 private x-ray evaluation).

(b) If so, is it at least as likely as not (a 50% or better probability) that the diagnosed lung disability began in/is etiologically related to an event during the Veteran's service, to include exposure to asbestos? 

The examiner must explain the rationale for all opinions, citing to supporting factual data/medical literature, as indicated.

4. After completion of the above and any additional development the AOJ may deem necessary, the AOJ should review the expanded record and readjudicate the claim. The Veteran and his representative should be furnished an appropriate supplemental statement of the case and be afforded an opportunity to respond. The case should then be returned to the Board, if in order, for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).







 
 M. C. GRAHAM RYAN KESSEL
 Veterans Law Judge Veterans Law Judge
 Board of Veterans' Appeals Board of Veterans' Appeals



 __________________________________________
MICHAEL D. MARTIN
 Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).